John C. Going
vs.    No. 82256
Emilio Vallesi

January 8, 1931.

CHURCHILL, J. Heard on motion by plaintiff for a new trial after verdict for the defendant.

This is an action brought under the provisions of Chap. 301, Sec. 32, General Laws 1923. The plaintiff elected to proceed against the defendant in an action of the case under the statute for the full value of his lien. The plea was not guilty.

One Michael Maloney was struck by an automobile being operated by the defendant Vallesi and was taken to the Rhode Island Hospital for treatment. While in the hospital, plaintiff claims that Maloney retained him as counsel to prosecute his claim against Vallesi, the plaintiff to be paid one-third of what might be recovered by a verdict in the case, but Maloney to be responsible for the expenses of the case.

That there was such agreement or that plaintiff was ever retained by Maloney to prosecute his claim for damages growing out of the automobile accident was categorically denied by Maloney.

The defendant also took the position that the plaintiff voluntarily retired from the case and told Maloney and the defendant that they might settle and dispose of the matter between themselves.

That he ever so retired from the case or did anything that might be construed as a waiver of his rights was denied by the plaintiff.

The case went to the jury on these two issues and the jury returned a general verdict for the defendant and this verdict was recorded "that the defendant did not promise in manner or form as the plaintiff has in his declaration thereof complained against him."

Testimony was introduced by the plaintiff which impeached the general credibility of Maloney. On the issue as to whether or not Maloney ever retained the plaintiff, the evidence strongly preponderates in favor of the plaintiff.

On the issue as to whether or not the plaintiff waived his rights under his retainer and allowed the defendant and Maloney to settle the case, there is, in the opinion of the Court, sufficient evidence to sustain the verdict.

Emilio Vallesi, the defendant, testified in substance that at an interview between all three of the parties, himself, Maloney and the plaintiff, the plaintiff, after the matter of settlement had been discussed, advised defendant and Maloney to settle the claim.

As between the testimony of the plaintiff and the testimony of Vallesi, eliminating the testimony of Maloney entirely from this aspect of the case, the jury were the arbiters of the facts and this Court can not say, therefore, that the verdict is against the preponderance of the evidence in this respect.

The next point made by plaintiff is that the verdict does not respond to the issues and hence a new trial should be granted.

Assuming that technically the verdict should have been recorded not guilty, as in an action of the case, yet it can not be said that the verdict of the jury did not respond to the issues.

The cases of:

> Bowen vs. White, 26 R. I. 68, and
> Probate Court of Pa. vs. Williams, 30 R. I. 144,

are not in point, since in the cases cited the verdicts were not responsive to the substantial issues before the jury.

In the present case a general verdict for the defendant was found and was recorded technically as a verdict is recorded in an action of assumpsit. The Court has power to correct formal mistakes in a verdict in order to make a verdict correspond with the true finding of the jury. The present case falls within this rule.

The verdict may be amended to conform with the formal verdict usual in an action of the case when the plea is not guilty.

The verdict does not fail to do justice between the parties and hence the plaintiff's motion for a new trial is denied.

For plaintiff: Peter W. McKiernan.

For defendant: Pettine, Godfrey & Cambio.